WINDOM, Presiding Judge,
concurring specially.
I concur with the majority’s opinion that, under the Supreme Court of Alabama’s holding in Ex parte J.A.P., 853 So.2d 280, 284 (Ala.2002), the State presented insufficient evidence to sustain Hig-don’s conviction for first-degree sodomy by forcible compulsion, see § 13A-6-63(a)(l), Ala.Code 1975. Specifically, under the Supreme Court’s holding in J.A.P., the. State may not rely on an implied threat when prosecuting a child for forcible sodomy. Id. The Supreme Court made it “quite clear [the theory under which a threat may be implied] applfies] only to cases involving the sexual assault of children by adults who exercised positions of domination and control over the children” Ex parte J.A.P., 853 So.2d at 284. Higdon was not an adult; rather, he was 17 years old. Accordingly, under J.AP., this Court is re *1017 quired to reverse Higdon’s conviction for forcible sodomy.
I write specially to urge the Alabama Supreme Court to revisit its holding in J.A.P. Specifically, I do not believe that the Supreme Court’s restriction of an implied threat “only to cases involving the sexual assault of children by adults who exercised positions of domination and control over the children,” Ex parte J.A.P., 853 So.2d at 284, sufficiently accounts for the relationships between some individuals who .have not reached the age of adulthood and young children. This case is a perfect example. Higdon was 17 years old and worked at a day-care facility, where he acted in a role of authority over the children. A four-year-old child would have believed that Higdon was an authority figure who, like a parent, had' to be obeyed. For all relevant purposes, Hig-don was in no different position than an adult who exercised a position of domination and control over a child. A four-year-old child in these circumstances would have believed that 'disobeying Higdon’s instructions carried “an implied threat of some sort of disciplinary action.” . Powe v. State, 597 So.2d 721, 728-29 (Ala.1991). I see no reason to treat 17-year-old Higdon any differently than an adult in Higdon’s position would have been treated. Accordingly, I encourage the Supreme Court to revisit its holding in Ex parte J.A.P. to prevent a similar injustice in the future.
KELLUM, J., concurs.